# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WENDY C. BARNETT, | ) Case No. 5:11-cv-399 |
| Plaintiff, | ) Judge DAVID D. DOWD, JR. |
| v. | ) **DEFENDANT AULTMAN HOSPITAL'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| AULTMAN HOSPITAL, | ) |
| Defendant. | ) |

For its Answer to the Complaint filed by Plaintiff Wendy Barnett, Defendant Aultman Hospital ("Defendant"), by and through the undersigned counsel, admits, denies and states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 contains a legal conclusion to which no response is required. But, to the extent that a response may be required, Defendant avers that this Court has subject-matter jurisdiction over the Complaint.

4. Paragraph 4 contains a legal conclusion to which no response is required. But, to the extent that a response may be required, Defendant avers that venue is proper in this Court.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff received periodic pay increases, but it denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits that Plaintiff communicated to its employees and former employees through Facebook, a social networking website, and text messages regarding Lisa Summer "leaving the unit." Further answering, Defendant lacks knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 and, therefore, denies them.

12. Defendant lacks knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, denies them.

13. Defendant admits that, on January 17, 2011, Wendy Gotschall, Vice President of Cancer and Psychiatric Services, met with Plaintiff and informed her that Plaintiff would be suspended, pursuant to Defendant's policies, pending an investigation into an email Plaintiff sent to current and former employees of Defendant, which contained inappropriate, outrageous, disrespectful, and libelous comments regarding Ms. Summer. Further answering, Defendant denies any remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits that Plaintiff's physician transmitted an FMLA certification and application to it on January 18, 2011, which requested an indefinite leave of absence and alleged that Plaintiff had a serious health condition. Further answering, Defendant denies the remaining allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that Ms. Gotschall met with Plaintiff on January 27, 2011 and Plaintiff voluntarily resigned from her employment on that day. Further answering, Defendant denies any remaining allegations contained in Paragraph 17 of the Complaint.

## COUNT I
## FAILURE TO PROVIDE FMLA NOTICE UNDER 29 C.F.R. § 825.300

18. In response to paragraph 18 of the Complaint, Defendant incorporates its admissions, denials, and statements in paragraphs 1 through 17 of this Answer.

19. Paragraph 19 contains a legal conclusion to which no response is required. But, to the extent that a response is deemed required, Defendant states that 29 C.F.R. § 300 speaks for itself.

20. Paragraph 20 contains a legal conclusion to which no response is required. But to the extent that a response is deemed required, Defendant states that 29 C.F.R. § 300 speaks for itself.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

## COUNT II
## FMLA RETALIATION UNDER 29 U.S.C. § 2615

24. In response to paragraph 24 of the Complaint, Defendant incorporates its admissions, denials and statements in paragraphs 1 through 23 of this Answer.

25. Paragraph 25 contains a legal conclusion to which no response is required. But, to the extent that a response is deemed required, Defendant states that 29 U.S.C. § 2612 speaks for itself.

26. Paragraph 26 contains a legal conclusion to which no response is required. But, to the extent that a response is deemed required, Defendant states that 29 U.S.C. § 2611(2)(A) speaks for itself.

27. Paragraph 27 contains a legal conclusion to which no response is required. But, to the extent that a response is deemed required, Defendant states that 29 U.S.C. § 2615 speaks for itself.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

## COUNT III
## RETALIATION IN VIOLATION OF OHIO PUBLIC POLICY

35. In response to paragraph 35 of the Complaint, Defendant incorporates its admissions, denials and statements in paragraphs 1 through 34 of this Answer.

36. Paragraph 36 contains a legal conclusion to which no response is required.

37. Paragraph 37 contains a legal conclusion to which no response is required.

38. Paragraph 38 contains a legal conclusion to which no response is required.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies any allegations not specifically admitted to be true.

**<u>AFFIRMATIVE DEFENSES</u>**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, because Defendant applied its business judgment, acted at all times in good faith, and had legitimate, non-discriminatory reasons for the employment actions taken with respect to Plaintiff.

3. Plaintiff's Count III is barred because the alleged termination of Plaintiff does not jeopardize any public policy recognized by the State of Ohio.

4. Plaintiff's Count III is barred because Defendant had an overriding legitimate business justification for any adverse action taken against Plaintiff.

5. Plaintiff's FMLA claims fail because she has not been harmed or prejudiced by any of Defendant's alleged FMLA violations.

6. Plaintiff's claims are barred, in whole or in part, because she failed to mitigate her damages, the existence of which Defendant denies.

7. Plaintiff is estopped by her own acts or omissions from bringing some or all of the claims in the Complaint.

8. To the extent Plaintiff is seeking punitive damages, such claims would be barred because the award of such damages would violate Defendant's rights under the Constitutions of the State of Ohio and the United States of America.

9. To the extent Plaintiff is seeking punitive damages, such claims would be barred because the alleged acts or omissions of Defendant do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff her protected rights, are not so wanton or willful as to support an award of punitive damages, and do not otherwise entitle Plaintiff to punitive damages.

10. Plaintiff is not entitled to liquidated damages pursuant to 29 U.S.C. § 2617 because Defendant has at all times acted in good faith.

11. Any damages recovered by Plaintiff must be offset by any compensation (monetary or non-monetary) that Plaintiff received or could have received during the period covered by any damage award.

12. Defendant expressly reserves the right to assert and pursue additional defenses that may become known through discovery or otherwise.

**WHEREFORE**, Defendant demands that the claims against it raised in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in its favor, and that it recover its costs and expenses, including reasonable attorney's fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Bruce G. Hearey*
Bruce G. Hearey (0009087)
Charles F. Billington III (0083143)
OGLETREE DEAKINS NASH SMOAK
& STEWART, P.C.
127 Public Square, 4130 Key Tower
Cleveland, OH 44114
Telephone: 216.241.6100
Facsimile: 216.357.4733
Bruce.Hearey@OgletreeDeakins.com
Charles.Billington@OgletreeDeakins.com
*Attorneys for Defendant Aultman Hospital*

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2011, a copy of the foregoing *Defendant Aultman Hospital's Answer to Plaintiff's Complaint* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                          */s/ Bruce G. Hearey*
                                          Bruce G. Hearey
                                          *One of the Attorneys for Defendant*

10163282.2 (OGLETREE)