DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Wendy Barnett, ) | |
| ) | CASE NO. 5:11 CV 399 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| Aultman Hospital, ) | |
| ) | |
| Defendant. ) | |
| ) | |

A.  Introduction

This matter is presently before the Court on defendant's notice of a discovery dispute in which defendant requests the return of attorney-client privileged documents that defendant asserts were inadvertently disclosed to plaintiff. ECF 13. Plaintiff claims that the defendant waived the privilege, however, defendant contends that the privilege was not waived by defendant's inadvertent disclosure to plaintiff. *See* ECF 13.

On April 9, 2012, the Court conducted a hearing regarding defendant's notice of discovery dispute. The Court ruled from the bench concluding that defendant waived the privilege and denying defendant's request for the return of attorney-client privileged documents. This memorandum opinion memorializes the Court's findings and conclusions.

B.  Background

Plaintiff does not dispute that the documents at issue are attorney-client privileged, and the Court will assume for the purpose of this analysis that the documents are privileged. The documents at issue consist of handwritten notes that were taken by defendant's Vice President of

(5:11 CV 399)

Human Resources in connection with a conversation she had with defendant's counsel Attorney Bruce Hearey, Bates numbers Aultman 509-512, and 515. Bates number page Aultman 510 is partially redacted at the top, but Attorney Hearey's office telephone extension,[1] and the handwritten notes themselves, are not redacted.

At the hearing, defendant's counsel Attorneys Hearey and Billington testified that they both reviewed the documents prior to disclosure to plaintiff, and estimated that several hundred pages of documents were produced to plaintiff in discovery. Neither Attorney Hearey nor Billington indicated that defendant's document review and production took place under time pressures imposed by plaintiff or the Court. Both Attorneys Hearey and Billington testified that no privilege log was produced, the documents were not marked "privileged" or "confidential," and that no specific procedure, protocol, or document management system was implemented for identifying, segregating and/or logging privileged documents in connection with documents produced to plaintiff.

Defendant did not discover that privileged documents were produced to plaintiff until plaintiff's counsel introduced the documents at the deposition of defendant's Vice President of Human Resources. When defendant's counsel recognized that plaintiff was in possession of Aultman 509-512 and 515, defendant's counsel immediately identified the documents as privileged and asked for the documents to be returned or destroyed.

---

[1] Attorney Hearey indicated at the hearing conducted by the Court on April 9, 2012 that the telephone extension at the top of Aultiman 510 is his office extension.

2

(5:11 CV 399)

C.      Law and Analysis

Rule 502(b) of the Federal Rules of Evidence governs inadvertent disclosure of privileged material:

> **(b) Inadvertent disclosure.**—When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
>
> **(1)** the disclosure is inadvertent;
>
> **(2)** the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> **(3)** the holder promptly took reasonable steps to rectify the error, including (if applicable) following Fed. R. Civ. P. 26(b)(5)(B).

The party claiming its disclosure was inadvertent bears the burden of proving that the disclosure was truly inadvertent. *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Palladium Equity Partners, LLC,* 722 F. Supp. 2d 845, 850 (E. D. Mich. 2010)(quoting *Fox v. Massey-Ferguson, Inc.,* 172 F.R.D. 653, 671 (E.D. Mich. 1995)).  Failure to establish all three elements results in a conclusion of waiver.

(5:11 CV 399)

Rule 502 does not contain any factors to determine under what circumstances an inadvertent disclosure constitutes a waiver.[2] However, the Advisory Committee Notes offer some insights and guidance on this analysis:

> . . . .
>
> The rule opts for the middle ground: inadvertent disclosure of protected communications or information in connection with a federal proceeding or to a federal office or agency does not constitute a waiver if the holder took reasonable steps to prevent disclosure and also promptly took reasonable steps to rectify the error. This position is in accord with the majority view on whether inadvertent disclosure is a waiver.
>
> Cases such as ***Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co.*, 104 F.R.D. 103, 105 (S.D.N.Y. 1985)** and ***Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D. 323, 332 (N.D.Cal. 1985)**, set out a multi-factor test for determining whether inadvertent disclosure is a waiver. The stated factors (none of which is dispositive) are the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness. The rule does not explicitly codify that test, because it is really a set of non-determinative guidelines that vary from case to case. The rule is flexible enough to accommodate any of those listed factors. Other considerations bearing

---

[2] "Although Rule 502 does not contain any factors to determine whether the disclosure should constitute a waiver, the Advisory Committee Notes to the rule suggest a flexible test that considers "the reasonableness of precautions taken, the time taken to rectify the error, the scope of discovery, the extent of disclosure and the overriding issue of fairness[,] ... the number of documents to be reviewed and the time constraints for production[,] ... [the] use ... [of] advanced analytical software applications and linguistic tools in screening for privilege and work product," and "implementation of an efficient system of records management before litigation." Explan. Note to Fed.R.Evid. 502, at Federal Civil Judicial Procedure and Rules (2010 Ed.), at 434; *see also Fox,* 172 F.R.D. at 671 (which considers "(1) the reasonableness of precautions taken in view of the extent of document production, (2) the number of inadvertent disclosures, (3) the magnitude of the disclosure, (4) any measures taken to mitigate the damage of the disclosures, and (5) the overriding interests of justice"). Neither the Sixth Circuit nor any other court of appeals has addressed a list of factors under Rule 502 yet." *Board of Trustees, Sheet Metal Workers' National Pension Fund v. Palladium Equity Partners, LLC,* 722 F. Supp. 2d at 850.

4

(5:11 CV 399)

>on the reasonableness of a producing party's efforts include the number of documents to be reviewed and the time constraints for production. Depending on the circumstances, a party that uses advanced analytical software applications and linguistic tools in screening for privilege and work product may be found to have taken "reasonable steps" to prevent inadvertent disclosure. The implementation of an efficient system of records management before litigation may also be relevant.

Advisory Committee Notes to Federal Rules of Evidence 502(b).

Defendant argues that the Court should be guided in its waiver analysis by *American Coal Sales Co. v. Nova Scotia Power, Inc.,* 2009 WL 467576 (S.D. Ohio), in which the district court overruled defendant's objections to the magistrate judge's recommended ruling that plaintiff had not waived the privilege by inadvertent disclosure.[3] *American Coal Sales Co. v. Nova Scotia Power, Inc.,* 2009 WL 467576 at * 17. In that case, two attorneys reviewed the documents prior to disclosure of the privileged documents at issue, which were part of over 2,000 documents produced. However, the Advisory Committee Notes to Rule 502(b) suggest that more than mere review may be required in order for the producing party to establish reasonable precautions under Rule 502(b).

1. *Rule 502(b)(1)*

Rule 502(b)(1) requires the Court to first determine whether the disclosure of the privileged material was inadvertent. Intentional disclosures are not protected from waiver under a Rule 502(b) analysis.

---

[3] The Magistrate Judge's Report and Recommendation in *American Coal Sales*, utilizing a "middle ground" analysis, was issued prior to Congress' enactment of Federal Rule of Evidence 502(b).

5

(5:11 CV 399)

Rule 502 does not define "inadvertent disclosure." The Oxford English Dictionary defines "inadvertent," as applied to actions, to mean "characterized by want of attention or taking notice; hence unintentional." *Oxford English Dictionary*, available at www.oed.com/viewdictionaryentry/Entry/93041.

According to the testimony of defendant's counsel, the documents at issue (Bates number Aultman 509-512 and 515) were reviewed by defendant's attorneys Hearey and Billington. At their instruction, a paralegal at the firm partially redacted one of the pages at issue (Aultman 510). However, the partially redacted page contained privileged material even after the redaction. It is unclear to the Court after considering the testimony of defendant's attorneys Hearey and Billington, whether the unredacted content of the documents at issue were not recognized by defendant as privileged before the documents were disclosed, or whether the documents were recognized as privileged and disclosed by mistake. However, either way under Rule 502(b), the disclosure was inadverent. *Valentin v. Bank of New York Mellon Corp.,* 2011 WL 1466122 at *2 ("Disclosure is unintentional even if a document is deliberately produced, where the producing party fails to recognize its privileged nature at the time of production."). Assuming that defendant's disclosure was inadvertent, the analysis proceeds to Rule 502(b)(2).

2. *Rule 502(b)(2)*

According to the testimony of defendant's counsel, the production in this case involved several hundred documents, which is a relatively small production. Further, there is no evidence in the record to suggest that defendant was required by plaintiff to review and produce these documents under short time constraints. In addition, counsel testified that no privilege log was

6

(5:11 CV 399)

prepared and the documents were not marked as privileged or confidential in any way. Defendant's counsel also testified that no procedure, protocol or method was followed or implemented by defendant's counsel to prevent disclosure of privileged material.

The Court finds that the statement of defendant's counsel that the documents were reviewed for privilege, in the absence of any other precaution to prevent disclosure of privileged material, is insufficient to establish that defendant took reasonable steps to prevent disclosure of privileged material under Federal Rule of Evidence 502(b).[4]

3.     *Conclusion*

After considering the testimony of defendant's counsel and the evidence provided, the Court finds that under the circumstances of this case, defendant did not take reasonable steps to prevent the disclosure of privileged material.  Accordingly, the Court concludes that defendant

---

[4] *Williams v. District of Columbia,* 806 F.Supp. 2d 44, 49-50 (D.D.C. 2011)("First, and most importantly, the District has utterly failed to explain its 'methodology' for review and production. *Amobi,* 262 F.R.D. at 54. The District explains only that '[p]rior to production, this material was reviewed by an experienced litigation paralegal under the supervision of an attorney.' Def.'s Mem. at 4. It should go without saying that this sort of conclusory statement is patently insufficient to establish that a party has discharged its duty of taking 'reasonable steps' to guard against the disclosure of privileged documents. *See Peterson*, 262 F.R.D. at 429 (refusing to "accept plaintiff's bare allegation that he conducted a 'privilege review' as conclusive proof that he took reasonable steps to prevent an inadvertent production."). Indeed, were courts to accept conclusory statements of this kind, it is difficult to imagine circumstances when Rule 502(b) would *not* apply so long as the disclosing party conducted *any* privilege review, no matter how cursory or unreasonable."); *Kmart Corp. v. Footstar, Inc.,* 2010 WL 4977228 at * 2 (N.D. Ill.)("Simply stating that an attorney reviewed the documents would reduce Rule 502(b)(2) to a mere formality.")(emphasis in original); *Pacific Coast Steel v. Leany,* 2011 WL 4704217 at *5 (D. Nev.)(plaintiff took reasonable precautions to prevent inadvertent disclosure in using software applications to perform sorts and searches to identify and withhold privileged documents from production).

(5:11 CV 399)

waived the privilege with respect to the documents Aultman 509-512 and 515, and defendant's request that plaintiff be ordered to return or destroy these documents is denied.

Because the Court has concluded that defendant's have waived the privilege with respect to Bates numbered documents Aultman 509-12 and 515, plaintiff is free to question defendant's witness regarding these documents.  Discovery in this case may continue until May 11, 2013.  Dispositive motions must be filed by June 1, 2013.  Responses must be filed by June 22, 2013, and any replies by June 29, 2013.

IT IS SO ORDERED.

| April 16, 2012 | *s/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |